**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. 2:16-CR-20007-001** |
| | ) | |
| **JAMES SPIOTTO,** Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW the Defendant, **James Spiotto**, by undersigned counsel, and does hereby respectfully move this Court as to the following: for a downward variance from the advisory guideline imprisonment range of 720 months' imprisonment to 240 months' imprisonment on both counts to be served concurrently. Defense counsel anticipates that the sentencing hearing should not exceed one hour.

**PRELIMINARY CONCLUSION**

A sentence well below the guidelines range of 720 months' imprisonment is sufficient, but not greater than necessary, to effectuate the purposes of punishment under 18 U.S.C. § 3553(a). Mr. Spiotto has zero criminal history points and suffered from horrific sexual abuse as a child. The advisory guidelines' sentencing range is unreasonably high, as it is essentially a life sentence. Further, the Guideline that applies, U.S.S.G. § 2G2.1, is flawed, is not based on empirical evidence, and results in offenders receiving nearly every enhancement. Thus, an application of the § 3553(a) factors warrants a significant downward variance from the advisory guideline sentence.

**PROCEDURAL BACKGROUND**

Mr. Spiotto was charged in a seven-count Indictment, along with co-defendant Amelia Marie Spiotto. He was named in five of the counts, which charged him with production, receipt,

and possession of child pornography. He has been detained since his arrest on February 10, 2016. On May 12, 2016, Mr. Spiotto pled guilty to Counts One and Two of the Indictment charging him with production of child pornography. The final Presentence Investigation Report ("PSR") was filed on September 21, 2016. (Doc. 44). Sentencing is set for July 26, 2017.

## FACTS

James Spiotto is 29 years old and has a long history of being sexually victimized. Adults in his life exposed him to sexual activity at a very young age, which in part, has led him to the instant offense. Mr. Spiotto is very remorseful over his inexcusable conduct and recognizes that production of child pornography is a serious offense. He wishes he could undo his conduct. In an effort to mitigate the damage he has caused, he has cooperated with the government regarding his participation and that of his co-defendant Amelia Spiotto, who provided childcare to the children in the production videos.

## ARGUMENT

### I. Given the Nature and Circumstances of Mr. Spiotto's Offense and His History and Characteristics, the Sentence Requested is Sufficient, But Not Greater Than Necessary, to Satisfy the Purposes of Sentencing.

Since 2005, the Guidelines have been considered advisory, and are now just one of several criteria a sentencing court considers when imposing a sentence. *United States v. Booker*, 543 U.S. 220, 223 (2005). The process a sentencing court must follow since *Booker* involves three steps; first, it must determine the appropriate advisory sentencing range, then examine the propriety of a traditional departure under the Guidelines, and finally consider the factors set forth in 18 U.S.C. § 3553(a) to determine whether to vary from the Guidelines. *See United States v. Garlewicz*, 493 F.3d 933, 937 (8th Cir. 2007). Mr. Spiotto agrees that the advisory range of 720 months in prison, based on a total offense level of 52 and a criminal history category of I, has been correctly

calculated. Although Mr. Spiotto is not seeking a traditional departure, he believes a significant downward variance from the advisory range is warranted in his case.

18 U.S.C. § 3553(a) mandates that "[t]he court shall impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a) (emphasis added). In deciding on an appropriate sentence, the court should consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. It should also consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. In addition, the Court should also consider whether or not the sentence would provide adequate deterrence and protect the public from further crimes of the defendant. Along with a consideration of the advisory guideline range, the Court should also consider the need for the sentence imposed to provide the defendant with medical treatment, vocational training, education, or correctional treatment. The court should also address the need for the sentence imposed to avoid unwarranted sentencing disparities. Each of these purposes can be satisfied by sentencing Mr. Spiotto to concurrent 240 month sentences and a lengthy term of supervised release.

**A. Nature and Circumstances of the Offense**

The offense of production of child pornography is a serious and repugnant crime, involving the victimization of children. It can have a long-lasting impact on those depicted in the images, and on their families. The seriousness of child pornography crimes cannot be disputed; however, the degree of severity from one offense to another does vary. Possession, with its ten-year mandatory maximum sentence, is considered less serious than production, which carries a range of 15-30 years of imprisonment. Because a child was victimized, the law requires mandatory minimum sentences. A sentence of 240 months, well above the mandatory minimum, is substantial

and sends a strong message. *See United States v. Baker*, 445 F.3d 987, 990 (7th Cir. 2006) (upholding the district court's rationale for a below-guidelines sentence where the district court stated ". . . a term of imprisonment would probably mean more to him and have a greater impact than on someone who had previous experience being incarcerated."). For Mr. Spiotto, who has never been imprisoned before, the message is even stronger.

Mr. Spiotto's crime, while deserving of a lengthy punishment, is not worthy of a lifetime of imprisonment. Even in such cases, there is a range of conduct. Mr. Spiotto, recognizing that he has seriously harmed children, attempted to cooperate fully by assisting in the case against his co-defendant. Thus, removal from society for 20 years would be a serious, substantial, and effective punishment when viewed in light of the § 3553(a) factors.

**B. History and Characteristics of the Defendant**

Mr. Spiotto had a tragic childhood rife with sexual abuse, as well as drug and alcohol abuse. He was introduced to marijuana and alcohol at age 10. His uncle introduced him to LSD at age 13. Mr. Spiotto is a product of multi-generational sexual abuse. His maternal grandfather physically and sexually abused his eight children. Mr. Spiotto's mother left home at age 13 to escape this abuse.

Mr. Spiotto's history clearly created a pathway to the offense conduct in the instant case. While not an excuse, it provides some insight into what brings him before this Court. As a young child, he was frequently exposed to and involved in sexual activity. He did not have appropriate adult supervision. Indeed, several adults in his life involved him in sexual activity, by introducing him to pornographic material and raping him. His father provided him with pornographic magazines before he entered kindergarten. Mr. Spiotto was raped repeatedly by an uncle[1], from

[1] This is the ex-husband of the co-defendant in this case.

age 5 until age 8. The rapes sometimes involved objects, and the uncle would inform the young Mr. Spiotto that he was teaching him how to be with a woman. In turn, when Mr. Spiotto was 13, he sexually abused his sister. He is ashamed of his molestation of his sister.

Because of the sexual abuse he endured during his childhood, Mr. Spiotto became promiscuous at age 8 with other children. At age 13, he was having sex with adult women. He recognizes that most facets of his life have been focused on aberrant sexuality. He longs to change the course of his life and asks the Court to place him in a Bureau of Prisons facility that contains a Sex Offender Treatment and Management Program.

**C. Need for Just Punishment in Light of the Seriousness of the Offense**

Any offense involving the exploitation of children is very serious. Mr. Spiotto is asking that the Court find that a sentence well below the guidelines range, is reasonable under the circumstances of his case. Any sentence that involves the loss of complete liberty is a sentence that promotes respect for the law. Additionally, Mr. Spiotto must register as a sex offender, which will be public information available to anyone. As the Eighth Circuit has recognized, collateral consequences of a conviction, such as registration as a sex offender and loss of reputation, are relevant to the "need" for the sentence to reflect just punishment. *United States v. Garate*, 543 F.3d 1026, 1028-29 (8th Cir. 2008). The combination of a long incarceration and being supervised will promote respect while at the same time being just. Mental health and sex offender treatment can reform him as well during a 240 month incarceration as it could during a 720 month incarceration. Following incarceration, he will be on an extensive period of supervised release, with sex offender special conditions that put substantial limitations on his freedom.

**D. Adequate Deterrence; Protect the Public**

Even if the Court varied below the guidelines range, Mr. Spiotto will be removed from the community for a significant time period. By imposing a lengthy term of supervised release, the Court would be able to monitor Mr. Spiotto strictly. He would have limited contact with the public and no unsupervised contact with minors. He would be prevented from accessing the internet and could be directed to participate in mental health treatment to prevent re-offending after his release. A sentence of 240 months for someone who has not been incarcerated previously would still be quite lengthy and meet these sentencing purposes.

It should also be noted that research has not established that there is a high recidivism rate among sex offenders. The Department of Justice ("DOJ") Recidivism study indicated that 5.3% of released sex offenders were arrested on a new crime. Patrick A. Langan et al., U.S. Dept. of Just., Recidivism of Sex Offenders Released from Prison in 1994, at 24 (2003) https://www.bjs.gov/content/pub/press/rsorp94pr.cfm. However, the actual reconviction rate of sex offenders for new sex crimes was 3.5%. Thus, one third of those arrested for new sex crimes were not convicted of those charges.

**E. Medical Treatment, Vocational Training, Education, or Correctional Treatment**

Mr. Spiotto has his GED, but would benefit from further vocational training while he is incarcerated. Further, he would like to be placed in sex offender treatment while incarcerated and seeks this Court's recommendation for a facility that holds the Sex Offender Treatment and Management Program. He is committed to not re-offending upon his release.

**F. The Need to Avoid Unwarranted Sentencing Disparities**

In Mr. Spiotto's case, a sentence within the advisory guideline range is unreasonable. A sentence well below that range would be warranted by the facts of the case, and would address all the goals of sentencing. In *United States v. Richards*, the Sixth Circuit affirmed a non-guidelines

sentence of 16 years incarceration for production of child pornography involving teenage minors. 659 F.3d 527, 552 (6th Cir. 2011). The defendant was convicted of 11 child pornography charges, including a count of production, and counts involving advertising, transporting, and possession, and he faced lifetime imprisonment under the Guidelines, based on an offense level of 48 and criminal history category of I. *Id.* He operated an extensive child pornography network involving commercial servers that hosted child pornography controlled by and sometimes created by the defendant. *Id. See also United States v. Freed*, 566 F. App'x 162, 163-64 (3rd Cir. 2014) (affirming downward variance from lifetime imprisonment to a sentence of 20 years for defendant who was posing as a teenager on Facebook and extorting sexual images from stepdaughter and other teen girls); *but see United States v. Schupp*, 488 F. App'x. 170, 171 (8th Cir. 2012) (affirming guidelines sentence of 327 months for defendant charged with taking explicit pictures of 11-year old daughter of his girlfriend).

This Court has granted reductions in child pornography production cases. For example, in *United States v. Karr*, case number 2:15-CR-20024, the defendant received three 240-month sentences on child production charges to run concurrently. In *United States v. Henry*, case number 2:16-CR-20005, the defendant was sentenced to 180 months of imprisonment to be run concurrently on two counts of production of child pornography.

## II. U.S.S.G. § 2G2.1 is Not Based Upon Empirical Evidence and Its Application Results in a Sentence That is Greater Than Necessary to Satisfy the Purpose of Sentencing.

The advisory guideline range is only one factor a sentencing court must consider. While a guideline sentence is considered presumptively reasonable on appeal, there is no such presumption at the district court level. A sentence within the guidelines range is not presumed to be reasonable; rather, the Court makes an individualized assessment based on the facts of each case. *Gall v. United*

*States*, 552 U.S. 38, 50 (2007). When a Guideline is not the product of empirical data and national experience, it is not an abuse of discretion to conclude that it yields a sentence greater than necessary to achieve § 3553(a)'s purposes. *United States v. Kimbrough*, 552 U.S. 85, 110 (2007).

Because the Sentencing Guidelines are no longer mandatory, the range of choice in sentencing dictated by the facts of the case has been significantly broadened. *See Booker*, 543 U.S. at 260–61; *Gall*, 552 U.S. at 59; *Kimbrough*, 552 U.S. at 101; *Rita v. United States*, 551 U.S. 338, 349–50 (2007). District courts must "give respectful consideration to the Guidelines," but are permitted "'to tailor the sentence in light of other statutory concerns as well.'" *Kimbrough*, 552 U.S. at 101 (quoting *Booker*, 543 U.S. at 245–246).

In the instant case, the advisory range is 720 months in prison. (PSR, ¶ 145). The range is based on U.S.S.G. § 2G2.1, and is similar to U.S.S.G. § 2G2.2, which has been the subject of criticism because the Guideline was not based on empirical research.

In *United States v. Shipley*, 560 F. Supp.2d 739 (S.D. Iowa 2008), an Eighth Circuit district court rationalized that § 2G2.2 is not based on empirical evidence.

> As Chief Judge Bataillon noted in *United States v. Baird*, No. 8:07CR204, 2008 WL 151258, at *7 (D. Neb. Jan. 11, 2008), the guidelines for child exploitation offenses were not developed using an empirical approach by the Sentencing Commission, but rather were mainly promulgated in response to statutory directives. Specifically, the Protect Act directly amended guideline 2G2.2 by amending the guideline enhancements for specific offense characteristics. These modifications do not appear to be based on any sort of empirical data, and the Court has been unable to locate any particular rationale for them beyond the general revulsion that is associated with child exploitation-related offenses.

*Shipley*, 560 F. Supp. 2d at 744. The *Shipley* court continued:

> The statute here provides a broad range of punishment for this crime, and if Congress does not want the courts to try and sentence individual defendants throughout that range based on the facts and circumstances of each case, then Congress should amend the statute,

> rather than manipulate an advisory guideline and blunt the effectiveness and reliability of the work of the Sentencing Commission.

I*d*. The defendant in *Shipley*, who was charged with receipt of child pornography, faced an advisory range of 210 to 240 months, but received a 90 month sentence.

At least one court is raising a question about the empirical basis for the Guidelines established for sex offenses against minors under § 2G2.1:

> Some of [the flaws present in 2G2.2] are also present in U.S.S.G. § 2G2.1, which also recommends enhancements for conduct present in nearly every case to which the guideline would apply: a two– or four-level enhancement in § 2G2.1(b)(1) based on the age of the minor involved; a two-level enhancement in § 2G2.1(b)(3) if the offense involved distribution; a four-level enhancement in § 2G2.1(b)(4) if the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, not applicable here only because of the inadequacy of proof that the male penis shown in one image with an underage female, which was distributed to the minor, could not be conclusively shown to be the penis of an adult male; and the two-level increase in § 2G2.1(b)(6)(B) for use of a computer or an interactive computer service to entice the minor. Thus, contrary to the prosecution's contentions, U.S.S.G. § 2G2.1 has some of the same flaws that I found warranted categorical rejection of U.S.S.G. § 2G2.2.

*United States v. Jacob*, 631 F. Supp. 2d 1099, 1114–15 (N.D. Iowa 2009). Mr. Spiotto accepted responsibility for this offense, yet the three-level reduction for acceptance of responsibility was overshadowed by enhancements, such as increases for age of the minor, sadistic material and use of a computer, for which the prohibited offense already contemplates. Mr. Spiotto urges the Court to reject the revulsion inherit in such cases and consider that these enhancements are present in virtually every case.

## <u>CONCLUSION</u>

Mr. Spiotto's conduct, while illegal, shameful, and serious, can be addressed by a sentence of 240 months, followed by supervised release. Such a sentence addresses all of the § 3553(a) factors, and is in keeping with the parsimony principle.

WHEREFORE, Mr. Spiotto respectfully requests this Court to grant a downward variance from the advisory guideline range and impose a sentence of 240 months on each count to be served concurrently, followed by a term of supervised release.

Respectfully submitted,

BRUCE D. EDDY
FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF ARKANSAS

By: /s/ *James B. Pierce*
James B. Pierce
Assistant Federal Public Defender
Judge Isaac C. Parker Federal Bldg.
30 S. 6th Street, Room 205
Fort Smith, AR 72901
(479) 782-1097

Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Dustin Roberts, Assistant United States Attorney, and I hereby certify that I have mailed the document by the United States Postal Service to the following non-CM/ECF participants: none.

/s/ *James B. Pierce*
James B. Pierce
Assistant Federal Public Defender